## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**J.D., a minor, by and through his next friend, JANE DOE,**

      **Plaintiff,**

          v.

**THE DISTRICT OF COLUMBIA, *et al.,***

      **Defendants.**

Civil Action No. 25-1349

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff J.D. is suing the District of Columbia by and through his mother, Jane Doe, pursuant to 42 U.S.C § 1983, alleging violations of his rights under the Fifth and Eighth Amendments by the District's Department of Youth Rehabilitation Services (DYRS). <u>See</u> ECF No. 1 (Compl.), ¶¶ 1–8. He now requests that the Court allow both him and his mother to proceed pseudonymously. <u>See</u> ECF No. 2-1 (Mot.). Although federal and local rules already require parties to redact a minor child's name from all filings, <u>see</u> Fed. R. Civ. P. 5.2; LCvR 5.4(f)(2), J.D. contends that since Jane Doe shares his last name and is clearly related to him, disclosing her identity would make it easy to identify J.D., so her name should also be pseudonymized. <u>See</u> Mot. at 6–7.

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. <u>See</u> LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

I.    **Legal Standard**

Generally, a complaint must identify the plaintiffs.  <u>See</u> Fed. R. Civ. P. 10(a);

LCvR 5.1(c)(1), 11.1.  That requirement reflects the "presumption in favor of disclosure [of

litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial

proceedings."  <u>In re Sealed Case</u>, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting <u>Wash. Legal</u>

<u>Found. v. U.S. Sentencing Comm'n</u>, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to

proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need

for such secrecy, and identifying the consequences that would likely befall it if forced to proceed

in its own name."  <u>In re Sealed Case</u>, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court

must "'balance the litigant's legitimate interest in anonymity against countervailing interests in

full disclosure'" by applying a "flexible and fact driven" balancing test.  <u>Id.</u> (quoting <u>In re Sealed</u>

<u>Case</u>, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

<u>Id.</u> at 326–27 (quoting <u>In re Sealed Case</u>, 931 F.3d at 97) (first alteration in original).

II.    **Analysis**

J.D. has met his burden at this early stage to show that his privacy interests outweigh the

public's presumptive and substantial interest in learning his mother's identity.

First, as the Complaint states, J.D. seeks for his mother to proceed under a pseudonym not "merely to avoid the annoyance and criticism that may attend any litigation," but "to preserve privacy in a matter of [a] sensitive and highly personal nature."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  The Complaint details J.D.'s disability, mental-health information, allegations of physical abuse, and juvenile-delinquency proceedings.  See Compl., ¶¶ 16–84; see also Mot. 2, 4–5 (making this point).  Such information reveals "paradigmatically 'sensitive' and 'highly personal'" details about J.D.  Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) ("[F]orcing disabled individuals to disclose deeply personal medical information could deter litigants from filing claims to vindicate their rights").  "Through the disclosure of [Jane Doe's] full name[] and address, the public could easily uncover" J.D.'s identity and understand that this very personal information — "information that is statutorily protected under the [Individuals with Disabilities Education Act], the Family Educational Rights and Privacy Act . . . , and local regulations" — was his.  See J.W. v. Dist. of Columbia, 318 F.R.D. 196, 200 (D.D.C. 2016); see 20 U.S.C. § 1417(c) (IDEA); 20 U.S.C. § 1232g(b)(1) (FERPA); D.C. Mun. Regs. tit. 5-E, § 2603 (District regulations).  "Indeed, while Federal Rule of Civil Procedure 5.2(a) acknowledges the privacy interests of minor children by allowing parties to reference minors only by their initials," in a case like this, that Rule's "protection would be 'eviscerated unless the parent was also permitted to proceed using initials.'"  J.W., 318 F.R.D. at 199 (quoting C.B. v. Pittsford Cent. Sch. Dist., 2009 WL 2991564, at *4 (W.D.N.Y. Sept. 15, 2009)).

As to the second factor, J.D. has properly alleged that disclosure of his mother's identity "poses a risk of retaliatory physical or mental harm" to him.  In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97).  J.D. claims that if his identity were discovered

through the publicity of his mother's name in this lawsuit, it would lead to "retaliation [against him] from DYRS staff, bullying from his peers, and the potential damage of publicly reliving his trauma." Mot. at 7. This is particularly concerning given that J.D. remains under the "care and custody" of DYRS, which is already accused of using "excessive force to punish the children in its care." Id at 8.

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — also supports Plaintiff's Motion. Although Jane Doe is an adult, she "share[s] common privacy interests" with her minor child "due to their intractably linked relationship." J.W., 318 F.R.D. at 201.

The fourth factor tips the scale further in favor of pseudonymity. Plaintiff has brought suit against the District of Columbia, and anonymous litigation is typically "more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" Id. (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations"). This factor additionally accounts for whether the plaintiff is requesting individualized relief. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant[,] . . . the fourth factor favors pseudonymity."); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request"). Here, J.D. is suing the Government to

4

vindicate his individual rights and obtain primarily individualized relief, <u>see</u> Compl., ¶ 8 & pp. 38–40, so this factor supports his mother's proceeding pseudonymously.

The fifth and final factor is neutral. This factor is "not implicated" in instances where the defendant knows the plaintiff's identity, <u>see</u> <u>In re Sealed Case</u>, 971 F.3d at 326 n.1, and here, Jane Doe has already disclosed her identity to Defendants and has offered to provide additional identifying information under seal. <u>See</u> Mot. at 11–12. Defendants, of course, also remain free to request any further information they deem necessary to the full and fair defense of the case, and Jane Doe remains free to object.

In sum, most factors weigh in favor of pseudonymity because they highlight J.D.'s "legitimate interest in [his mother's] anonymity" at this early stage, <u>In re Sealed Case</u>, 931 F.3d at 96, given their close link, J.D.'s age and disabilities, and the potential for further harm.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms for J.D. and his mother listed in the Complaint in all documents filed in this action;

3. Plaintiff's [3] Motion for Leave to File Document Under Seal is GRANTED and deemed filed; and

4. Within fourteen days of this Order, Plaintiff shall file his [2] Motion on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: May 12, 2025