**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| J.D.,<br><br>     *Plaintiff*,<br><br>   v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>     *Defendants*. | Civil Action No. 25 - 1349 (LLA) |

## ORDER

Plaintiff J.D. brings this action against the District of Columbia and two former employees of the D.C. Department of Youth Rehabilitation Services ("DYRS"), Anthony Lloyd and Bernell Davis, alleging that Mr. Lloyd and Mr. Davis violently assaulted him while he was a minor in DYRS's custody in violation of the Fifth and Eighth Amendments of the U.S. Constitution and District of Columbia common law.  ECF No. 1.  Pending before the court is J.D.'s motion for default judgment against Mr. Lloyd and Mr. Davis.  ECF No. 43.  Specifically, J.D. seeks judgment against Mr. Lloyd for violations of the Fifth Amendment, ECF No. 1 ¶¶ 111-125 (Count I); the Eighth Amendment, *id.* ¶¶ 126-139 (Count II); battery, *id.* ¶¶ 163-167 (Count V); and intentional infliction of emotional distress, *id.* ¶¶ 185-190 (Count X).[1]  And he seeks judgment against Mr. Davis for violations of the Fifth Amendment, *id.* ¶¶ 111-125 (Count I); the Eighth Amendment, *id.* ¶¶ 140-150 (Count III); and negligence, *id.* ¶¶ 172-177 (Count VII).

---

[1] The complaint labels the count alleging intentional infliction of emotion distress against Mr. Lloyd as a second Count VIII, so the court has renumbered it as Count X.  *See* ECF No. 1 ¶¶ 178-190.

A "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Robinson v. Ergo Sols., LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002)).  However, "the defendant's default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief." *Denson v. DC Rest. Holdings, Inc.*, No. 19-CV-1609, 2021 WL 4988994, at *1 (D.D.C. Oct. 27, 2021) (quoting *Jackson v. Corr. Corp. of Am.*, 564 F. Supp. 2d 22, 27 (D.D.C. 2008)).  And, although a plaintiff may "properly plead alternative theories of liability[] regardless of whether such theories were consistent with one another," the "[r]ecovery of damages . . . cannot be based on inconsistent theories when one theory preludes the other or is mutually exclusive." *Scott v. District of Columbia*, 101 F.3d 748, 753 (D.C. Cir. 1996).

Here, as J.D. "acknowledge[d]" in his opposition to the District of Columbia's partial motion to dismiss, "he must eventually move forward on only one constitutional theory" because his Fifth and Eighth Amendment claims are mutually exclusive.  ECF No. 33, at 9.  In its memorandum opinion and order, the court agreed with J.D. that it was "premature" to dismiss his Fifth Amendment claim against the District and allowed him to proceed to discovery on both constitutional theories.  *Id.*; *see* ECF No. 44, at 8-9.  But given that J.D. seeks judgment against Mr. Lloyd and Mr. Davis for violations of both the Fifth and Eighth Amendments, ECF No. 43, at 1 & n.1, and given that he concededly cannot obtain relief under both theories, the court

2

concludes that it is premature to assess the merits of his motion for default judgment against

Mr. Lloyd and Mr. Davis at this time.[2]

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Default Judgment, ECF

No. 43, is **DENIED** without prejudice to being refiled at an appropriate time.

**SO ORDERED.**

_____

LOREN L. ALIKHAN
United States District Judge

Date:    August 7, 2026

---

[2] At the May 26, 2026 Initial Scheduling Conference, the court indicated that it intended to consider the merits of J.D.'s motion for default judgment as it concerned Mr. Lloyd's and Mr. Davis's liability and defer a decision on damages. *See* May 26, 2026 Minute Entry. Upon further consideration, the court determines that such an approach would be inconsistent with J.D.'s concession that his Fifth and Eighth Amendment claims are mutually exclusive, ECF No. 33, at 9, and with the court's obligation to determine whether the complaint states a valid claim for relief, *see Robinson*, 4 F. Supp. 3d at 178 (quoting *Int'l Painters & Allied Trades Indus. Pension Fund*, 239 F. Supp. 2d at 30).