**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| J.D.,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-1349 (LLA) |

# PROTECTIVE ORDER

WHEREAS, J.D. ("Plaintiff") and the District of Columbia ("the District," together, the "Parties," and individually, a "Party") request that this Court issue a protective order under Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing this action,

WHEREAS, the Court has already ordered that the Plaintiff and his mother may proceed under pseudonyms given the privacy interests in this case, *see* ECF No. 5;

It is hereby **ORDERED** that:

1. Information Subject to This Protective Order: The following categories of information may be designated as CONFIDENTIAL under this Protective Order:

a. personally identifiable information (PII) sought from an individual, including, but not limited to, Plaintiff's name, Plaintiff's mother's name, such individual's or

his/her family members' home address, telephone number, date of birth, social security number, health care information, health insurance records, life insurance information, and/or any other personal information unique to such individual. The Parties may redact PII from documents before disclosure and such redaction does not affect the designation of said documents as CONFIDENTIAL;

b. non-public information, as identified in D.C. Mun. Reg. tit. 6-B §§ 3112, 3113, contained in any District of Columbia current or former employee's personnel file, disciplinary file or adverse action file;

c. information protected by or specifically prohibited from release by statute or regulation;

d. non-public records and non-public information contained in records of the District of Columbia Department of Youth and Rehabilitation Services (DYRS) and the Metropolitan Police Department (MPD), including any records received from a third-party or other District agency within DYRS's and MPD's custody or control; and

e. medical records, including mental health records.

2. As set forth below, information and things that are stamped "CONFIDENTIAL" and meet the definition of material that falls within the definition of ¶ 1 shall not be disclosed by any receiving party for any purpose other than discovery and trial in this action and any appeal.

**TIMING AND CLASSIFICATION OF CONFIDENTIAL INFORMATION**

3. Marking of Documents and Things.

a. Any Party wishing to designate information as CONFIDENTIAL INFORMATION shall at the time of production, if possible, stamp or otherwise mark the produced document or other thing with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION." In lieu of designating the document confidential, a Party may redact the PII

so that the document shall not be subject to this Protective Order, so long as the document does not otherwise contain confidential information.

b. Any party wishing to designate materials as ATTRONEY'S EYES ONLY, subject to the protections of the Protective Order, shall, at the time of production, also stamp or otherwise mark the produced document or other thing with the word(s) "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

c. Any Party wishing to designate information provided by a non-party as CONFIDENTIAL shall submit to the other Party, within ten (10) business days following production or disclosure, a written designation of the documents or things containing such information. During the ten (10) business days following production by a Party, or non-party, all such documents and things shall be deemed to contain or constitute CONFIDENTIAL INFORMATION. For the avoidance of doubt, any medical records produced through nonparties shall automatically be deemed CONFIDENTIAL.

d. The Parties shall make a good-faith effort to designate CONFIDENTIAL INFORMATION properly and with the appropriate classification at the time of production. However, disclosure by any Party of CONFIDENTIAL INFORMATION, inadvertent or otherwise, without any, or the appropriate, classification regardless of whether the CONFIDENTIAL INFORMATION was designated at the time of disclosure, shall not constitute or be deemed a waiver or forfeiture—in this or any other action—of a Party's claim of confidentiality, either as to a specific document or information contained therein, and the Parties shall, upon notice, thereafter treat such CONFIDENTIAL INFORMATION according to the correct designation and classification. A receiving party shall make a good faith effort to locate and mark appropriately any CONFIDENTIAL INFORMATION upon receipt of such notice.

**HANDLING OF CONFIDENTIAL INFORMATION**

4. CONFIDENTIAL INFORMATION will be treated during this action, including appeal, as follows:

a. Plaintiff's name and Plaintiff's mother's name shall be redacted from or a pseudonym shall be used in any public documents that are filed in the case or used in open court in accordance with the court's Order. *See* ECF No. 5.

b. All CONFIDENTIAL INFORMATION shall be treated as proprietary. CONFIDENTIAL INFORMATION that is not designated as CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be disclosed or made available only to: (1) counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegal, secretarial and clerical personnel); (2) the Plaintiff; (3) experts employed by such counsel for consultation or to render expert reports in accordance with Fed. R. Civ. P. 26(b)(4) (and the necessary secretarial and clerical personnel of such experts); (4) court personnel, certified court reporters, and the Parties' respective copy vendors; and (5) witnesses at deposition, trial, or in communications with counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegal, secretarial and clerical personnel) related to a deposition or trial. Plaintiff J.D.'s medical records and his records from DYRS, MPD, and any of his records received from a third-party or other District agency within DYRS's and MPD's custody or control (designated as CONFIDENTIAL under ¶ 1.d and 1.e), will be made available to Plaintiff J.D. CONFIDENTIAL INFORMATION designated as CONFIDENTIAL – ATTORNEY'S EYES ONLY may only be disclosed to: (a) counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegal, secretarial and clerical personnel); (b) the Court and its officers; and (c) expert witnesses retained by the parties or their attorneys provided they first agree to be bound

by the terms of this Protective Order. CONFIDENTIAL– ATTORNEY'S EYES ONLY designations shall be reserved for a limited subset of documents and must be made following a document-by-document review of the material at issue. Such designation shall not be applied on a blanket or categorical basis.

c. Any information designated "CONFIDENTIAL" by the producing party shall not be used or disclosed by any receiving party for any purpose, other than as specified herein during the discovery, trial, and any appeal in this action.

d. All persons other than counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegals, secretarial and clerical personnel), court personnel, certified court reporters, the Parties' respective copy vendors, and Plaintiff who are authorized to have access to CONFIDENTIAL INFORMATION pursuant to this Protective Order shall be provided with a copy of this Protective Order and shall sign the statement attached hereto as Exhibit A acknowledging their agreement to the terms of this Protective Order. Counsel must retain each signed non-disclosure agreement and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

e. To protect the confidentiality and security of all information disclosed or produced in this proceeding, including CONFIDENTIAL INFORMATION and non-confidential information ("Discovery Information"), any Party receiving Discovery Information from another Party ("Information Receiving Party") shall comply with the following requirements governing the use of artificial intelligence ("AI") tools with such information. An Information Receiving Party may use AI tools to process Discovery Information solely for purposes of this proceeding, provided that the AI tool and its use collectively satisfy all of the following requirements: (i) the

AI tool is used pursuant to a written enterprise or professional agreement and is deployed within a secure, access-controlled environment limited to the Information Receiving Party's authorized users (including counsel, experts, or vendors acting on its behalf); (ii) Discovery Information is not used to train, fine-tune, improve, develop, benchmark, or otherwise contribute to any AI model or service accessible outside the Information Receiving Party's-environment for this action, except to the limited extent necessary to provide the requested functionality for this proceeding; (iii) Discovery Information is not disclosed, shared, or made accessible to any third party except as otherwise permitted under this Order; (iv) Discovery Information is retained by the AI tool only for the minimum period necessary to perform the permitted use, and the Information Receiving Party has a commercially reasonable mechanism to effect prompt deletion of such information; and (v) The AI tool is subject to technical and contractual safeguards reasonably designed to protect Discovery Information against unauthorized access, use, or disclosure, including encryption in transit and at rest and appropriate access controls.

f. An Information Receiving Party shall not upload or provide Discovery Information received from another Party to: (i) publicly available, consumer-facing, or unrestricted AI tools or services; or (ii) any AI tool used in a manner that does not satisfy all of the requirements set forth above. This Order does not otherwise limit the Parties' use of AI tools or services. Each Information Receiving Party is responsible for compliance with this Order by its counsel, experts, consultants, vendors, or other agents using AI tools on its behalf. Any unauthorized disclosure or misuse of Discovery Information arising from such use shall be treated as a disclosure by the Information Receiving Party. In the event of any actual or reasonably suspected unauthorized access to Discovery Information arising from the use of any AI tool ("Security Incident"), the Information Receiving Party shall: (i) notify the producing

party promptly and in no event later than twenty-four (24) hours after becoming aware of the Security Incident; (ii) take reasonable steps to contain and mitigate the Security Incident; and (iii) reasonably cooperate in addressing the Security Incident.

**CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

5. If any Party disagrees at any stage of this action with the designation of any information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, the Parties shall first try to promptly resolve the dispute in good faith on an informal basis. Any receiving party may at any time request that the producing or designating Party withdraw the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation with respect to any information. Any such request shall be made in writing, served on counsel for the producing or designating Party, and shall particularly identify: (a) the designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION that the receiving party contends is improperly designated; and (b) the basis for the receiving party's objection(s) to the designation.

6. If the Parties are unable to resolve their dispute informally, the receiving party shall have the right to object to the designation by appropriate motion before the Court or through any alternative discovery dispute procedure used by the Court. The burden of proving the confidentiality of the designated information shall be borne by the Party that produced the information or designated it CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY. If a motion is filed, or other alternative procedure invoked, the initial CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation shall remain in place until the Court rules on such motion and thereafter shall be governed by the Court's ruling. If the Parties are unable to resolve their dispute informally, and a Party does not elect to file a motion with the

Court, the initial CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation shall remain in place.

7. The acceptance by any Party of any information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY shall not constitute evidence, an admission, or a concession that the information actually is confidential or proprietary.

**CONFIDENTIAL INFORMATION AT DEPOSITIONS**

8. Other than court personnel and court reporters, only the parties, counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegal, secretarial and clerical personnel) for the parties, a witness (including his or her attorney), and testifying and non-testifying experts who have met the requirements of ¶¶ 4 of this Protective Order may be present at any examination concerning CONFIDENTIAL INFORMATION of another party or a third party. Plaintiff's mother may also be present at any examination concerning CONFIDENTIAL INFORMATION of Plaintiff.

9. A Party may designate as CONFIDENTIAL any information, testimony, or exhibit disclosed or obtained during a deposition that meets the definition of ¶ 1 by indicating on the record during the deposition that such information is CONFIDENTIAL and subject to the provisions of this Protective Order. Whenever any information designated as CONFIDENTIAL that meets the definition of ¶ 1 is marked as an exhibit during a deposition, the exhibit shall be orally identified on the record (without disclosing CONFIDENTIAL INFORMATION), and the Party presenting the exhibit shall retain the exhibit itself at the conclusion of the deposition. Any Party who objects to any CONFIDENTIAL designation made at or during a deposition must note the objection on the record. The CONFIDENTIAL designation of material that meets the definition of ¶ 1 shall remain in place, and the objecting Party shall be barred from publicly disclosing the information, testimony, transcript, or exhibit designated as CONFIDENTIAL

without the prior approval of the Court or the withdrawal of the designation by the designating Party. A Party may not designate the entirety of a deposition as CONFIDENTIAL unless all testimony during the deposition contains information that meets the definition of ¶ 1.

10. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for a period of ten (10) days after receipt of each transcript. Within ten (10) days of receipt of each transcript, a Party may designate all or part of the transcript as CONFIDENTIAL under this Protective Order by identifying in writing to the opposing Party the specific portion of the transcript to be designated as CONFIDENTIAL. If the opposing Party objects to the designation of all or part of the transcript as CONFIDENTIAL, that Party may challenge the confidentiality designation as provided by this Protective Order.

11. Deposition transcripts, testimony, or exhibits designated as CONFIDENTIAL shall only be disclosed to the individuals identified in ¶ 4.

**CONFIDENTIAL INFORMATION IN COURT FILINGS**

12. Information designated as "CONFIDENTIAL" under this Protective Order that meets the definition of ¶ 1 does not lose its designation as such if that information is subsequently filed with the Court by any designating Party, non-designating Party, or a third party, whether that submission is made by written motion, pleading, memorandum, or any other submission to the court, including, without limitation, any demonstratives, attachments, transcript, appendices, and/or exhibits submitted to the Court.

13. All transcripts, depositions, exhibits, answers to interrogatories, and other information previously designated CONFIDENTIAL under this Protective Order shall be filed with the Court in accordance with Fed. R. Civ. P. 5.2 and LCvR 5.1(h) by any Party or third-party, in any pleading, memorandum, or other submission to the Court purporting to discuss, reproduce, summarize, or paraphrase any such CONFIDENTIAL INFORMATION.

**USE OF CONFIDENTIAL INFORMATION IN OPEN COURT**

14. CONFIDENTIAL INFORMATION does not lose its designation as such if that information is subsequently offered during hearings, at trials, or otherwise in open court by any Party or a third party, whether elicited or presented through argument and/or objections in open court, statements to the jury, direct examination, cross-examination, and/or redirect examination, or through any demonstratives, attachments, transcripts appendices, and/or exhibits offered in open court.

15. The use of CONFIDENTIAL INFORMATION during hearings, at the trial, or otherwise in open court shall be subject to such protection as the Court shall determine at the time. Nothing in this Protective Order shall be deemed a waiver of any right to object on any ground to the admission in evidence of any CONFIDENTIAL INFORMATION. A Party that intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain its confidentiality. In the event that a Party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it shall notify the opponent in writing prior to the time at which it intends to introduce the opponent's CONFIDENTIAL INFORMATION. If the opponent desires to maintain the confidentiality of its material, it shall be responsible for taking appropriate measures with the Court to maintain its confidentiality.

**EXCLUSION OF PUBLIC DOMAIN INFORMATION**

16. Nothing in this Protective Order shall preclude any Party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information not obtained through discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information. However, if the third-party produces information that a Party has designated as

CONFIDENTIAL INFORMATION in this case, the third-party's production of such information shall automatically be designated as CONFIDENTIAL INFORMATION and be subject to this Protective Order.

**PRIVILEGED INFORMATION**

17. No Waiver by Disclosure.

a. This Order is entered under Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a Party discloses information in connection with the pending litigation (the "Privileged Information Disclosing Party") that the Privileged Information Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Privileged Material"), the disclosure, inadvertent or otherwise, of that Privileged Material will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Privileged Information Disclosing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter. This Order shall be interpreted to provide the maximum protection allowed under applicable law. The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of Privileged Material under this Order.

18. Handling and Return of Privileged Material. The process for handling and return of disclosed Privileged Material shall be as follows:

a. If the producing party has disclosed or made available to the receiving party information it claims to be Privileged Material, the producing party may notify the receiving party of its claim and the basis for it. Upon such notification, the receiving party must:

i. Take reasonable efforts under Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy the Privileged Material, any reasonably accessible copies it has, and any work product reflecting the contents of the Privileged Material;

ii. Not use or disclose the information until the privilege claim is resolved;

iii. Take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice; and

iv. May promptly present the information to the court under seal for a determination of the claim following a meet and confer with the producing party.

b. For purposes of this Order, Privileged Material that is not reasonably accessible because of undue burden or cost is sequestered.

c. Upon the request of the producing party, the receiving party shall provide a certification to the producing party that it has undertaken the foregoing efforts, and that it will cease further review, dissemination, and use of the Privileged Material unless and until the privilege claim is resolved in the receiving party's favor.

d. If, at any time, a Party or non-party discovers that it produced or disclosed Privileged Material, it may promptly notify the receiving party and identify with particularity the Privileged Material and the basis for the claim (the "Claw-Back Notification"). Upon receiving a Claw-Back Notification, the receiving party shall comply with ¶ 18.a.i-iv. Nothing in this Paragraph shall preclude the receiving party from challenging the privilege or protection claim, provided that the receiving party may not use or disclose the challenged material unless and until the claim is resolved by agreement of the Parties or order of the Court.

e. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or Confidential and to inform the Disclosing Party that such materials have been produced.

f. Nothing in this Order limits the right of any party to petition the Court for in camera review of the Privileged Information.

g. Before presenting information to the Court under seal for a determination of the claim of privilege, *see* ¶ 18.a.iv, the Privileged Information Disclosing Party and receiving party shall meet and confer to resolve any disagreement regarding the Privileged Information Disclosing Party's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, then the receiving party may promptly present the issue to the Court for a determination of the Privileged Information Disclosing Party's claim of privilege or protection by submitting any document(s) in dispute under seal in compliance with Fed. R. Civ. P. 26(b)(5)(B). Any party making a motion to the Court for an order compelling disclosure of the information claimed as unprotected must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

h. While any such application is pending, the Privileged Material subject to that application will be treated as privileged until the Court rules. If the Court determines that the material at issue is privileged or protected, the Privileged Information Receiving Party must comply with the requirements of subparagraph 18.a.i-iv.

i. If the receiving party does not apply to the court for a ruling on the designation of the Privileged Material at issue as privileged or protected within sixty (60) days from the receipt of the Privileged Material Notice (regardless of whether parties met and conferred on the subject), or such later date as the Privileged Information Disclosing Party and the Privileged Information Receiving Party may agree, the Discovery Materials in question shall be deemed privileged or protected, in which case the Receiving Party must comply with the requirements of subparagraph 18.a.i-iv.

j. The Privileged Information Disclosing Party retains the burden of establishing the privileged or protected nature of the Privileged Material.

k. The Privileged Information Disclosing Party must preserve the information until the claim is resolved.

**NON-WAIVER OF PRIVILEGES AND OBJECTIONS**

19. Nothing in this Protective Order shall be construed to require the production of CONFIDENTIAL INFORMATION that is privileged or otherwise protected from disclosure. The entry of this Protective Order shall not constitute a waiver by any Party of any objection to the disclosure or production of any information or material during discovery.

20. Nothing in this Protective Order shall be construed to mean that the production of CONFIDENTIAL INFORMATION, in whole or in part, constitutes either: (a) an admission by any Party that the produced information is relevant, authentic, or properly produced, or (b) a waiver of any right properly to withhold from production any other document.

21. Nothing in this Protective Order shall bar any person from asserting, prejudice any person who asserts, or be used against any person who asserts the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity as to any discovery, including any discovery that may have been inadvertently produced.

**MISCELLANEOUS**

22. Nothing in this Protective Order shall be construed as limiting or otherwise restricting a Party's use of its own CONFIDENTIAL INFORMATION for any purpose or as requiring a Party's employees to sign an acknowledgement prior to obtaining such information.

23. The terms of this Protective Order shall survive the final termination of this litigation and shall continue to apply fully to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record. Following final termination of this litigation, this

Court shall retain and have jurisdiction over the Parties and all persons who received access to CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order.

24. This Protective Order shall be binding upon the Parties, their counsel, and the Parties' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, officers, directors, employees, agents, and all other persons who obtain access to Confidential Information under this Order.

25. This Protective Order shall survive the termination of the Action and will continue to be binding upon all persons subject to this Order to whom CONFIDENTIAL INFORMATION is produced or disclosed.

26. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to the attorney's Party-client with respect to this action, and in the course thereof, relying upon an examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the attorney shall not disclose the proprietary substance of any CONFIDENTIAL INFORMATION nor the source of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents, things, materials, or information pursuant to the terms of this Protective Order.

27. No later than thirty (30) days after the final termination of this action, including all appeals, and unless otherwise required by law, the attorneys for each Party shall assemble and return to the opposing Party CONFIDENTIAL INFORMATION produced by the opposing Party or shall destroy all reasonably accessible copies thereof made by that Party which respective Parties have in their possession, custody, or control. Any copies that are not reasonably accessible shall not be used for any purpose and will be returned to the opposing Party or destroyed if the copies become accessible. The attorneys for the Parties shall be entitled to retain

all pleadings and litigation documents, including exhibits, email, and attorney work product, containing CONFIDENTIAL INFORMATION, but such litigation documents and attorney work product shall be used only for the purpose of preserving a file on this action, and, without written permission of the opposing Party or an Order of this Court, shall not be disclosed to anyone not covered by this Protective Order. Nothing in this Protective Order supersedes any document retention requirements established by law, court order or rules of professional responsibility.

28. If a Party seeks discovery from a non-party to this action, that non-party may invoke the terms of this Protective Order in writing to all Parties to this suit and with respect to any CONFIDENTIAL INFORMATION provided to the requesting Party.

29. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED**.

Date: August 17, 2026

LOREN L. ALIKHAN
United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| J.D.,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-cv-1349 (LLA) |

**ACKNOWLEDGEMENT OF CONFIDENTIALITY**

I understand that confidential documents, testimony and information may be revealed to me for purposes of the above-captioned lawsuit. I have been advised that, by agreement among the parties, as so ordered by the Court, such documents, testimony and information may not be used for any purposes other than the prosecution or defense of said lawsuit. I hereby certify that I have read the Protective Order entered in this lawsuit. I agree to maintain the confidentiality of any documents, testimony and information provided to me and otherwise to abide by the terms of the Protective Order. I have been advised that any unauthorized use or disclosure by me of any confidential documents, testimony and information will be treated as a breach of the Protective Order for which I may be liable for damages and subject to sanction by the Court. I agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Agreement.

Date: _______________ _________________________ _________________________

PRINT NAME SIGNATURE